1
2
3
4            UNITED STATES DISTRICT COURT
5           SOUTHERN DISTRICT OF CALIFORNIA

6   EL'ESTRO LOVER-EL,                      Case No.:  24-CV-377-CAB-DEB
7                          Plaintiff,
                                            **ORDER GRANTING UNOPPOSED**
8   v.                                      **MOTION FOR JUDGMENT ON THE**
                                            **PLEADINGS**
9   KROGER FOOD 4 LESS,
10                         Defendant.
11                                          [Doc. No. 5]
12

13        This matter is before the Court on a motion for judgment on the pleadings by
14   Defendant Kroger Food 4 Less on the grounds that the Court lacks subject matter
15   jurisdiction and that the complaint fails to state a claim.  The motion was filed on April 8,
16   2024, and set a hearing date (for briefing purposes only) of May 13, 2024.  Civil Local
17   Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-
18   opposition no later than fourteen calendar days before the noticed hearing.  Thus, based on
19   the hearing date of May 13, 2024, Plaintiff's opposition to the motion to dismiss was due
20   on April 29, 2024.  When no opposition was filed by that deadline, and because Plaintiff is
21   pro se and may have been confused by the applicable rules, the Court *sua sponte* entered
22   an order extending Plaintiff's response deadline to May 22, 2024.  [Doc. No. 16.]  The
23   order specified that if Plaintiff did not file a response by this deadline, the motion for
24   judgment on the pleadings would be granted as unopposed, and the case would be
25   dismissed.  Plaintiff still did not oppose the motion.
26        Under the local rules, Plaintiff's failure to oppose "may constitute a consent to the
27   granting of [the] motion."  *See* CivLR 7.1.f.3.c.  District courts have broad discretion to
28   enact and apply local rules, including dismissal of a case for failure to comply with the

local rules.  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion).  Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the *Ghazali* factors support granting the motion based on the lack of opposition because Plaintiff's failure to oppose the motion indicates that Plaintiff has abandoned this lawsuit and consents to its dismissal.  Indeed, that Plaintiff previously submitted other filings in this case, and that he appeared at the Early Neutral Evaluation conference where he asserted that this Court lacks jurisdiction over him [Doc. No. 11], leads the Court to assume that Plaintiff's lack of opposition is intentional.  Further, the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to Defendant by further delays in this litigation, and the lack of appropriate less drastic sanctions all support dismissal.  Moreover, upon review of the motion and of the record, the motion appears to be meritorious and dismissal is warranted for all of the reasons stated in the motion.

Accordingly, it is hereby **ORDERED** that the motion for judgment on the pleadings is **GRANTED** based on the lack of opposition and on its merits for the reasons set forth above.  The complaint is therefore **DISMISSED**.  The Clerk of Court is instructed to **CLOSE** this case.  No further filings will be accepted.

It is **SO ORDERED**.

Dated:  May 28, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge